UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYESHIA S. AMBROSE-FRAZIER | : | CIVIL ACTION NO.: 2:15-cv-01324 |
| | : | |
| VERSUS | : | JUDGE: SUSIE MORGAN |
| | : | |
| HERZING, INC., HERZING | : | |
| UNIVERSITY, LTD AND | : | MAGISTRATE JUDGE: DANIEL E. |
| JASON MORGAN | : | KNOWLES, III |

**SECOND AMENDED COMPLAINT**

NOW COMES, through undersigned counsel, Plaintiff MYESHIA S. AMBROSE-FRAZIER who respectfully represents the following:

1.

Made defendants herein are:

A. HERZING, INC., a foreign corporation doing business in the Parish of Orleans, City of New Orleans, State of Louisiana;

B. HERZING UNIVERSITY, LTD. a foreign corporation doing business in the Parish of Orleans, City of New Orleans, State of Louisiana; and

2.

Defendants are liable for all damages alleged herein.

3.

Defendants are indebted unto plaintiff for all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, punitive damages, attorney's fees, interest on attorney's fees, costs, with interest thereon from the date of judicial demand until paid pursuant to Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981 and 42 U.S.C. § 1981(a).

4.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the causes of action outlined herein arise under the Constitution and laws of the United States.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2) and (3) in that the events in violation of law occurred in the Parish of Orleans and the Defendants principal place of business the State of Louisiana is Orleans Parish.

6.

Plaintiff is an African-American female.

7.

Plaintiff began work for Defendant Herzing December 6, 2006 and worked without incident until Jason Morgan (Caucasion Male) became Ms. Abrose-Frazier's new boss.

8.

Almost immediately Jason Morgan exhibited strange and alienating behavior toward black female employees at Herzing.

9.

Shortly after becoming plaintiff's supervisor, Mr. Morgan announced there would be a lay-off and Mr. Morgan listed white and black employees for termination but mostly black employees were laid off.

10.

Jason Morgan's demeanor and stance was stand offish and he appeared to be very uncomfortable with Black Female employees.

11.

Plaintiff made complaints about the blatant race discrimination and harassment and she was retaliated against by being written up and terminated for her complaints of intentional employment discrimination.

12.

Defendants owed a duty to provide a safe environment, free of intentional employment discrimination, and Defendant breached that duty. Defendant's breach of its' duty was a cause in fact of Plaintiff's resulting injuries.

13.

While employed, Plaintiff was subject to intentional race discrimination and suffered a severe and pervasive hostile work environment. Plaintiff complained of the harassment and was retaliated against for his complaints.

14.

Plaintiff complained of retaliation and harassment and no action was taken by Defendants to prevent and correct promptly the harassment and retaliation.

15.

Plaintiff was treated differently than other similarly situated non-Black employees. White employees remained employed while blacks were targeted for termination.

16.

As a result of Defendants' intentional retaliation and discrimination, Defendants are liable unto plaintiff for the following non-exclusive particulars:

    a. Any and all legal damages allowed under the laws of the United States of America;

    b. Loss of wages, earnings and earning potential;

    c. Severe emotional distress;

    d.       Pain and suffering;

    e.       Great bodily injury; and

    f.       Attorney's fees for the handling and prosecution of this matter;

    g.       Any penalties applicable under the laws of the United States of America;

    h.       Judicial Interest and costs;

    i.       Interest on attorney's fees;

    j.       Such other acts and omissions as will be shown on the trial, all of which were in contravention of the exercise of due care, prudence, and/or the laws of the United States of America.

    k.       Any and all equitable relief allowed according to law.

17.

Plaintiff was singled out and intentionally discriminated against by the defendants because of plaintiffs' race in violation of 42 U.S.C 1981 and Title VII of the Civil Rights Act.

18.

Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C 1981 Title VII and 42 U.S.C. 2000e-5(g)(2) along with interest on attorneys fees according to law.

19.

Jason Morgan intentionally interfered with Plaintiff's work arrangement with Defendant Herzing and caused Plaintiff to be terminated.

20.

Plaintiff received a right to sue letter from the Federal Equal Employment Opportunity Commission dated May 5, 2015.

21.

No answer has been filed with the Clerk of Court as of the filing of this petition.

WHEREFORE, Petitioner/Plaintiff prays that this complaint be deemed good and sufficient and that Defendants Herzing, Inc., Herzing University, Ltd be cited and served with a copy of this petition and that after the expiration of all legal delays and due proceedings are had that there be judgment herein in favor of Plaintiff Myeshia S. Ambrose-Frazier and against Defendants for damages of such type and amounts as this Honorable Court may deem fit and proper in the premises, together with costs, attorneys fees, legal interest and interest on attorneys' fees from date of judicial demand forward along with any other relief justice and equity demand.

Respectfully submitted by:

*/s/Jean-Paul Robert*
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
2315 S. Burnside Ave.
Gonzales, LA 70737
Tel:  (225) 647-9200
Fax: (225) 647-9300