UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYESHIA S. AMBROSE-FRAZIER | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 2:15-cv-01324-SM-DEK |
| | * | |
| HERZING, INC., HERZING | * | JUDGE MORGAN |
| UNIVERSITY, LTD AND | * | |
| JASON MORGAN | * | MAGISTRATE KNOWLES |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFF'S ORIGINAL, FIRST AND SECOND AMENDED COMPLAINTS**

Herzing University, Ltd., successor by merger to Herzing, Inc. ("Herzing"), Defendant, through undersigned counsel, respectfully submits this Answer and Affirmative Defenses in response to the original, First Amended and Second Amended Complaint (the "Complaints") filed by Myeshia S. Ambrose-Frazier, Plaintiff, as follows:

**First Defense**

Plaintiff's Complaints fail to state a claim upon which relief can be granted against Herzing under any applicable federal and/or state laws or regulations.

**Second Defense**

Herzing properly terminated Plaintiff's employment in accordance with the law, which allows Plaintiff's employment to be terminated without cause.

**Third Defense**

Herzing maintained, implemented and enforced adequate and reasonable policies, practices and procedures, and provided training, posted notices and circulated communications to

1

Herzing employees regarding unlawful or wrongful discrimination, harassment and retaliation in the workplace, including but not limited to policies, practices and procedures to prevent, investigate, and promptly address and correct any actions, conduct and/or omissions involving unlawful or wrongful discrimination, harassment or retaliation.

## Fourth Defense

Herzing acted in good faith and without any illegal or prohibited basis, reason or motivating factor in connection with Plaintiff's employment and the termination thereof.

## Fifth Defense

Herzing's employment actions and conduct in connection with Plaintiff's employment and termination did not involve or constitute pretexts for unlawful or wrongful discrimination, harassment or retaliation.

## Sixth Defense

Herzing conducted a prompt and effective investigation of the complaints and violations of state and federal law, harassment, discrimination, and retaliation described in Plaintiff's Complaints, and took prompt, appropriate, and effective remedial action in response to that complaint.

## Seventh Defense

Herzing denies that Plaintiff was subjected to any form of unlawful or wrongful action, discrimination, harassment or retaliation by reason of her exercise of any protected right during her employment with Herzing.

### Eighth Defense

Herzing did not breach any duty or engage in any wrongful action against Plaintiff in connection with or relating in any manner to her employment and/or the termination of her employment.

### Ninth Defense

Herzing did not unlawfully or wrongfully deny, impair or prevent Plaintiff from exercising any protected rights, or retaliate against Plaintiff to the extent that she exercised any such protected rights.

### Tenth Defense

Herzing denies engaging in any malicious or reckless conduct in connection with the termination towards or concerning Plaintiff.

### Eleventh Defense

While Herzing denies that it discriminated or retaliated against Plaintiff, Herzing alternatively avers that in the event that a finder of fact determines that any of its actions were based on a discriminatory or retaliatory motive, Herzing would have engaged in the same action involving Plaintiff's termination regardless of such motive.

### Twelfth Defense

Plaintiff's claims are barred in whole or in part by the applicable prescriptive periods and statutes of limitations, including but not limited to limitations of 42 USC §1981a(b)(3) and/or any other applicable federal or state law.

### Thirteenth Defense

Herzing affirmatively pleads all applicable provisions of 42 USC § 1981a, La.R.S. 23:921, and any other applicable law, statute or regulation in defense to Plaintiff's claims.

### Fourteenth Defense

Alternatively, Plaintiff's actions, conduct, fault and omissions caused and/or contributed to any damages, losses and/or injuries alleged or claimed by Plaintiff, which bars or reduces Plaintiff's right of recovery.

### Fifteenth Defense

Upon information and belief, Plaintiff's claims are barred, or alternatively reduced, by the doctrine of avoidable consequences.

### Sixteenth Defense

Alternatively, Plaintiff has failed to mitigate her damages, if any, which bars or reduces any right of recovery herein.

### Seventeenth Defense

Alternatively, Plaintiff's recovery (if any) must be reduced by any earnings, income and benefits that Plaintiff received subsequent to the cessation of her employment with Herzing.

### Eighteenth Defense

In the event Herzing is found to be the prevailing party herein, Herzing requests that the Court award it reasonable attorney's fees and expert fees in their favor and against Plaintiff pursuant to 42 U.S.C. 1988(b) and/or under any other applicable state or federal law, plus all costs or any other relief allowed by any applicable law.

**Nineteenth Defense**

To the extent that Plaintiff seeks any punitive damages and/or any other relief that may be penal in nature, Herzing alleges, adopts and pleads any limitations and requirements under the United States Constitution and any amendments thereto, the Constitution and any amendments thereto of the State of Louisiana, and any applicable federal, state or other law or statute, limiting, barring, reducing or concerning the award and/or imposition of punitive damages, attorney's fees, and any other penalty damages or relief requested by the Plaintiff.

**Twentieth Defense**

Herzing reserves its right to seek leave to amend and/or supplement its answer in order to assert any affirmative defense, response or other matter that may arise or become relevant during the course of these proceedings, whether through discovery or otherwise.

**AND NOW** further answering, Herzing responds to the individually numbered paragraphs of Plaintiff's Second Amended Complaint and avers as follows:

1.      Herzing states that effective January 1, 2015, Herzing, Inc., formerly a foreign corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin, merged with the Herzing Educational Foundation, Ltd., then an existing 501(c)(3) non-profit tax exempt organization organized under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin.  Following the merger, Herzing Educational Foundation, Ltd., changed its name to Herzing University, Ltd.  Herzing otherwise denies paragraph 1 of the Second Amended Complaint.

2.      Herzing denies paragraphs 2 and 3 of Plaintiff's Second Amended Complaint.

5

3.      Herzing admits paragraphs 4 and 5 of Plaintiff's Second Amended Complaint in that the Eastern District of Louisiana is the proper venue for this action, and this Court has jurisdiction over this matter based on the subject matter of the allegations contained in the Second Amended Complaint.  Herzing otherwise denies paragraphs 4 and 5 of Plaintiff's Second Amended Complaint.

4.      Herzing admits paragraph 6 of Plaintiff's Second Amended Complaint in that Plaintiff identifies herself as an African-American female.

5.      Herzing admits that Plaintiff was employed with Herzing for a period of time from early December 2006 before being terminated effective May 20, 2013.  Herzing otherwise denies paragraph 7 of Plaintiff's Second Amended Complaint.

6.      Herzing denies paragraph 8 of Plaintiff's Second Amended Complaint.

7.      Herzing admits that a company-wide reduction-in-force (RIF) occurred incrementally beginning in 2012 and extending into 2014.  Herzing otherwise denies paragraph 9 of Plaintiff's Second Amended Complaint.

8.      Herzing denies paragraph 10 of Plaintiff's Second Amended Complaint.

9.      Herzing admits that Plaintiff made certain complaints regarding her employment, and that her employment with Herzing was terminated effective May 20, 2013.  Herzing otherwise denies paragraph 11 of Plaintiff's Second Amended Complaint.

10.     Herzing avers that it maintains policies and procedures to prevent and promptly correct any harassment and retaliation and avers that said policies and procedures were followed and reasonably comply with all applicable federal and state laws and/or administrative regulations. Herzing otherwise denies paragraph 12 of Plaintiff's Second Amended Complaint.

11.     Herzing denies paragraphs 13, 14, 15, 16, 17, 18 and 19 of Plaintiff's Second Amended Complaint.

12.     The allegations of paragraph 20 require no response of Herzing.  To the extent that a response is required, Herzing admits that U.S. Equal Employment Opportunity Commission issued a "Notice of Right to Sue" to Plaintiff dated May 5, 2015.

13.     Herzing further denies the allegations of any and all other numbered, unnumbered, or misnumbered paragraphs in any of Plaintiff's Complaints, and denies that Plaintiff is entitled to the relief sought in the Prayer following paragraph 21 of Plaintiff's Second Amended Complaint.

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Herzing hereby demands trial by jury on all issues so triable.

**WHEREFORE,** Herzing University, Ltd., successor by merger to Herzing, Inc., Defendant, through its counsel of record, prays that its answer and responses to the Original, First Amended and Second Amended Complaint filed on behalf of Myeshia S. Ambrose-Fraizer, Plaintiff, be deemed to be good and sufficient and that after due proceedings that judgment be granted in their favor dismissing the Plaintiff's claims with prejudice and awarding Herzing its attorney's fees and costs and any other relief allowed by 42 U.S.C. 1988(b) and/or under any other applicable state or federal law.

*See Signature Block Next Page …*

Respectfully submitted,

/s/ *Margaret F. Swetman*_____
GEORGE D. FAGAN, T.A. - #14260
MARGARET F. SWETMAN - # 29195
TIFFANY THOMAS SMITH - #32255
LEAKE & ANDERSSON, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, Louisiana  70163
Email: gfagan@leakeandersson.com
Email: mswetman@leakeandersson.com
Email: tsmith@leakeandersson.com
Phone: (504) 585-7500
Fax:    (504) 585-7775

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, **February 25, 2016**.

/s/ *Margaret F. Swetman*_____

41307/325