# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MYESHIA S. AMBROSE-FRAZIER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 2:15-cv-01324-SM-DEK** |
| | * | |
| **HERZING, INC., HERZING** | * | **JUDGE MORGAN** |
| **UNIVERSITY, LTD AND** | * | |
| **JASON MORGAN** | * | **MAGISTRATE KNOWLES** |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### *SECOND AMENDED* JOINT PRETRIAL ORDER

This Second Amended Pretrial Order replaces and supersedes the Joint Pretrial Order [Doc. 82] and the Amended Pretrial Order [Doc. 84].

**1.    Date of Pretrial Conference.**

The Pretrial Conference is scheduled for Friday, April 1, 2016 at 2:00 p.m.

**2.    Counsel Appearing for Pretrial Conference.**

Jean-Paul Robert, attorney for Myeshia Ambrose-Frazier, Plaintiff.

George D. Fagan and Margaret F. Swetman Leake & Andersson, LLP, attorneys for Herzing University, Ltd., Defendant.

**3.    Description of the Parties.**

Myeshia Ambrose-Frazier, Plaintiff, is a natural person of the full age of majority who is a citizen of the State of Louisiana.

1

Herzing University, Ltd., Defendant, the successor by merger to Herzing, Inc., is a 501(c)(3) non-profit tax exempt organization organized under the laws of the State of Wisconsin and with its principal place of business in the State of Wisconsin.

4.    **Jurisdiction.**

Plaintiff and Defendant agree that: this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims for unlawful discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §§ 1981 and 1981(a); and, Plaintiff timely submitted a charge to the United States Equal Employment Opportunity Commission ("EEOC") on or about May 14, 2013 regarding the foregoing claims for the period described in the notice of charge, which period commenced on March 14, 2013.   Herzing denies and disputes that: Plaintiff's complaints include any claim based on gender discrimination; and, the Court ever granted Plaintiff leave to file such a claim.

5.    **Pending Motions.**

There are two pending dispositive motions: (1) Plaintiff's Motion for Partial Summary Judgment [Doc. 59] and Defendant's Motion for Summary Judgment and Other Relief [Doc. 64], which seeks to bar Defendant from relying upon the *Faragher/Ellerth* defense at trial in response to Plaintiff's racial harassment claims; and, (2) Defendant's motion for summary judgment seeking the dismissal of all claims [Doc. 60].

Herzing anticipates filing a motion *in limine* to exclude the "Conclusions" portion of its former Director of Human Resources Lisa Baiocchi's unredacted notes of interviews conducted as part of Defendant's investigation of Plaintiff's discrimination complaint.   This Court has not yet ruled on the admissibility of this information at trial.   In her deposition, which occurred after

this Court's ruling on only the discoverability of Ms. Baiocchi's unredacted notes, Ms. Baiocchi testified that she was in fact acting as both an attorney for Herzing and its Director of Human Resources in the context of those interviews.   Her evaluative comments set forth in the "Conclusions" section of her unredacted notes involve questions of law and some fact, do not constitute lay testimony, and are based upon her expertise and experience as an attorney.   Her "Conclusions" are not fact testimony, but instead assess the risks of litigation.   The jury will not be charged with determining whether Defendant made the correct decision in terminating Plaintiff's employment.   Rather, it will be charged only with determining whether Defendant engaged in unlawful discrimination or retaliation.   *See, e.g., Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 476 (5th Cir. 2005).

Herzing also intends on filing a motion in limine to bar and exclude from offering any evidence during trial or otherwise regarding any allegations, circumstances or facts relating to claims based on gender discrimination because Plaintiff: (1) failed to assert any such gender discrimination claim in her original Complaint [Doc. 1]; (2) did not timely or otherwise file a motion seeking leave to file an amended complaint to assert any gender-based discrimination claims; and, (3) was not granted leave of Court to file an amended complaint to assert any gender-based discrimination claims.

6. **Brief Summary of the Material Facts.**

a. **Plaintiff's Summary.**

Plaintiff is an African-American female. Plaintiff began work for Defendant Herzing December 6, 2006 and worked without incident until Defendant Jason Morgan (Caucasian Male) became Ms. Ambrose-Frazier's new supervisor.   Mr. Morgan only showed favoritism toward the

3

white employees and was unapproachable and stand-offish to the black employees.  Plaintiff complained of Mr. Morgan's strange behavior with her co-workers and Dean Stephanie Burns. In addition, Plaintiff lodged a formal Ethicspoint complaint with Defendant Herzing on April 30, 2013 on her behalf against Jason Morgan.  An investigation was conducted by Defendant Herzing by Lisa Biaocchi, Defendant's Human Resource Director who also happens to be an attorney.  Plaintiff Myeshia Ambrose-Frazier was not provided the results of the investigation into her Ethicspoint complaint and was told "we think it is best that we part ways."  Plaintiff was terminated on May 20, 2013.

> **b.    Defendant's Summary.**

On March 20, 2013, Herzing terminated Plaintiff (African-American female) and Pamela Calonje (Caucasian female), both of whom were Directors at Herzing's New Orleans Campus and who reported to Campus President Jason Morgan.  Vice President of Operations Brian Olson made the decision to terminate both Directors; Mr. Morgan was completely uninvolved those decisions.  Their terminations occurred as part of efforts to improve the performance of what was at that time an underperforming campus facing a serious decline in student population and revenue.  In fact, Herzing terminated the prior Campus President just a few months before Plaintiff and Ms. Calonje as part of efforts to turn the campus around, and replaced him with Mr. Morgan.  When Herzing hired Mr. Morgan, it tasked him with taking steps to improve campus performance, including increasing student population and revenue.

When Mr. Morgan became Campus President, he met individually with each of the five Directors, including Plaintiff, to discuss their respective department's goals.  He examined each department, reviewing their people, processes and product to see how each department was

4

performing.  It seems to him that the teams were working in silos, so he focused on how to get the departments to work more efficiently together.  He also examined a student's "life cycle" at the New Orleans Campus and looked for opportunities for improvement to ensure that students received the best experience.  Soon after he arrived at Herzing, President Renee Herzing and Mr. Olson also informed him and other Campus Presidents that the various campuses might experience lay-offs as part of an organization-wide reduction-in-force due to revenue issues.

Plaintiff was at that time the Director of Career Services, whose role was to build relationships with potential employers, share the quality of Herzing's career-focused programs with them, and develop channels through which Herzing students could obtain employment or internships that were not available to traditional job seekers.  As part of their discussions about her department, Plaintiff informed Mr. Morgan that she met with potential employers off-site on Tuesdays.  However, she was never able to produce a list of employers with whom she met when Mr. Morgan requested it.  When Mr. Morgan received a complaint from a student that the jobs being offered by Plaintiff's department were the same as those available to any member of the general public, Mr. Morgan offered to work with Plaintiff on developing Herzing-specific relationships with new employers, but Plaintiff refused his offer and continued posting listings out of the newspaper and publicly available websites.  Plaintiff had not met the goal of 85% student job placement upon graduation for the last three graduation cycles, and she acted with disrespect and negative behavior toward Mr. Morgan in meetings.  Other employees noticed Plaintiff's disrespectful behavior toward Mr. Morgan and complained to both Mr. Morgan and Herzing.

Plaintiff's behavior resulted in a March 14, 2013 verbal coaching, during which she made

a commitment to improving her behavior.  When her behavior did not improve, a coworker filed an anonymous April 14, 2013 complaint with Herzing about it, and another coworker reported Plaintiff's derogatory personal comments about Mr. Morgan.  These various behavioral issues resulted in an April 29, 2013 written warning which was delivered to Plaintiff by the outgoing Director of Human Resources and Mr. Morgan on May 1, 2013.  The written warning explained that continued poor conduct by Plaintiff could result in additional discipline, up to and including termination.

Just one month prior to Plaintiff's and Ms. Calonje's terminations, four individuals (two Caucasians and two African-Americans) were laid off at the New Orleans Campus as part of an organization-wide reduction-in-force, also necessitated by economic conditions, which began in 2012 and extended into 2014.  Every Herzing location lost employees as part of these lay-offs. As before, Mr. Olson was responsible for deciding which employees would be included in the reduction-in-force at the New Orleans Campus; Mr. Morgan was not involved in those decisions. Among those laid off was Plaintiff's subordinate Kelly Sylvain (African-American).   Ms. Sylvain was in charge of student services at the campus.   Herzing included her in the lay-offs because it had made an organization-wide decision to combine the student services function with the career services function at the campus level.  As such, Ms. Sylvain was one of many student services professionals across the organization who was included in the university-wide reduction.

Following Ms. Sylvain's lay-off on April 29, 2013, Mr. Morgan met with Plaintiff to discuss her assumption of Ms. Sylvain's student services tasks.  He asked that she begin her new role immediately and expected that she would do so, but Plaintiff admittedly cannot recall

whether she actually performed any of those tasks prior to her termination.  Plaintiff requested a revised job description, which Mr. Olson provided.

On April 30, 2013, the day after Plaintiff was asked to assume Ms. Sylvain's student services responsibilities, Plaintiff lodged her first complaint to Herzing alleging Mr. Morgan's "[d]iscrimination against minorities particularly women" on April 29, 2013 and over the past "1 to 3 months."   Plaintiff contends in this lawsuit that Mr. Morgan regularly acted in a "condescending" manner toward her since he became the Campus President in January 2013. However, her complaint at that time was for the one to three month period leading up to April 29, 2013, not Mr. Morgan's entire tenure.  She claims in this lawsuit that Mr. Morgan made a comment to her about his physical size which she interprets as racial discrimination (which Herzing denies), but admittedly did not ever report the incident to Herzing while employed there. Plaintiff further alleges that Mr. Morgan's use of the term "argumentative" in her April 29, 2013 written warning constitutes racial harassment.  However, none of this conduct rises to the level of actionable harassment pursuant to Title VII or 42 U.S.C. § 1981, and Plaintiff admittedly has no evidence that her experience with Mr. Morgan was any different from that of a Caucasian employee, which means she cannot show disparate treatment at trial.

Not only is there no direct or circumstantial evidence of racial animus by Mr. Morgan, there is no evidence that this alleged conduct was so severe or pervasive that it altered a term or condition of Plaintiff's employment with Herzing as is required to make a *prima facie* case of racial harassment.  *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).  "It is a simple fact that in the workplace, some workers will not get along with one another, and this Court will not elevate a few harsh words or 'cold shouldering' to the level of actionable offense."

*Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 509 (5th Cir. 2003).  Her written warning also does not constitute race-based harassment, as Plaintiff concedes that she had engaged in the conduct documented in the written warning which Mr. Morgan considered argumentative and disrespectful to him, and she has no evidence that her discipline "was more severe than that imposed on white employees for similar conduct."  *Carter v. Luminant Power Servs. Co.*, 2011 U.S. Dist. LEXIS 140931, *93 (N.D. Tex. Dec. 6, 2011); *see also Sandres v. La. Div. of Admin.*, 2010 U.S. Dist. LEXIS 106574, *25 (M.D. La. Sept. 3, 2010).  Plaintiff admits that she has never heard Mr. Morgan make any racially offensive or insensitive comments to her, nor has any other Herzing employee informed Plaintiff that he or she overheard Mr. Morgan making such comments.

Herzing promptly investigated Plaintiff's allegations, and took steps to alleviate her fear of retaliation by Mr. Morgan as a result of her April 30, 2013 complaint.  Plaintiff admits that as of that date, she had not experienced any actual retaliation by Mr. Morgan.  Because Herzing took steps which Plaintiff admits precluded virtually all future contact with Mr. Morgan through the date of her termination, there is no evidence of any retaliation by Mr. Morgan at any time.

Brian Olson was in charge of investigating Plaintiff's April 30, 2013 complaint.  He and incoming Director of Human Resources Lisa Baiocchi traveled to the New Orleans Campus on May 10, 2013 and interviewed Plaintiff and nine other employees who worked with Mr. Morgan. In all, the May 10, 2013 interviewees included two males and eight females; five of the interviewees were African-American and five were Caucasian.  Of those interviewed, only Plaintiff reported concerns that Mr. Morgan had an issue with African-American employees.

Herzing was unable to substantiate Plaintiff's allegations of racial discrimination or animus by Mr. Morgan through its investigation.

Mr. Olson made the decision to terminate Plaintiff on or before May 13, 2013. The May 10, 2013 interviews confirmed to Mr. Olson that Plaintiff was among those New Orleans Campus employees who were trying to undermine Mr. Morgan's efforts to improve campus performance. Plaintiff's unwillingness to accept the changes requested by Herzing and Mr. Morgan, her continued insubordinate conduct, prior discipline and performance issues, all contributed to Mr. Olson's decision to terminate Plaintiff's employment with Herzing. These are all legitimate, non-discriminatory reasons for Plaintiff's termination. *See, e.g., LeMaire v. Louisiana*, 480 F.3d 383, 391 (5th Cir. 2007); *Kimble v. Lerner New York, Inc.*, 2010 U.S. Dist. LEXIS 65404, *7-10 (E.D. La. June 30, 2010); *Stallworth v. Singing River Health Sys.*, 469 Fed. Appx. 369, 371 (5th Cir. 2012). Because Herzing terminated a Caucasian Director at the same time as Plaintiff, and Herzing did not hire a replacement for Plaintiff, she cannot make a *prima facie* showing of racial discrimination regarding her termination pursuant to Title VII or 42 U.S.C. § 1981. *See, e.g., Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir. 1999); *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir. 2000).

At the time Mr. Olson made the decision to terminate Plaintiff, he had no knowledge of, and Herzing had not yet received, the May 14, 2013 Notice of Charge of Discrimination issued by the U.S. Equal Employment Opportunity Commission to Herzing notifying it that Plaintiff had filed a Charge of Discrimination against Herzing alleging racial and gender discrimination. Plaintiff admits that she told no one at Herzing that she had filed this Charge of Discrimination prior to her termination. Plaintiff's Notice of Charge of Discrimination cannot form the basis of

a retaliation claim, as "[a]n employer cannot engage in a retaliatory action if at the time of the alleged action it does not know about an employee's protected conduct." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. College*, 452 Fed. Appx. 495, 500 (5th Cir. 2011) (citation omitted).

This leaves Plaintiff's April 30, 2013 complaint against Jason Morgan as the only potential basis for a retaliation claim.  However, Plaintiff has failed to show the causal link between the complaint and Herzing's decision to terminate her employment necessary to make a *prima facie* case of retaliation.  Even if she could, she cannot meet the stringent "but for" causation standard required to ultimately prevail on a retaliation claim.  In light of the many legitimate reasons Herzing had for terminating Plaintiff's employment, she cannot prove that she would not have been terminated but for her assertion of the April 30, 2013 complaint against Mr. Morgan.  *See, e.g., Walter v. BP Am., Inc.*, 2014 U.S. Dist. LEXIS 62417, *68 (E.D. La. May 6, 2014) (citation omitted).

Herzing accordingly contends that Plaintiff's claims should be dismissed with prejudice and that the Court should award attorney's fees and costs to Herzing for its defense of this matter.

7.     **Uncontested Material Facts**

The parties agree that the following facts are uncontested:

1.     In 1965, Henry and Suzanne Herzing founding Herzing, Inc. in Milwaukee, Wisconsin.

2.     Herzing provides students an alternative to "traditional education" offered at public two- and four-year institutions.

10

3.      Herzing also offers online programs and other continuing education locations in the United States.

4.      There are Herzing locations in eight states in the United States and six locations in Canada, including a location in Kenner, Louisiana, which is referred to as Herzing's New Orleans Campus.

5.      From December 8, 2006 through May 20, 2013, Plaintiff worked as the Director of Career Services for the New Orleans Campus.

6.      At the time of her termination, Plaintiff was one of five Directors of the New Orleans Campus, all of whom directly reported to the New Orleans Campus President.

7.      Plaintiff's job duties included matching students with job listings.

8.      In November 2012, Herzing terminated then-New Orleans Campus President Mark Aspiazu.

9.      On January 12, 2013, Jason Morgan became the Herzing New Orleans Campus President.

10.     Carol Emmel was Herzing's Director of Human Resources from January 2013 until April 15, 2013, when Lisa A. Baiocchi, Esq. took over the position.

11.     Carol Emmel briefly maintained some human resources responsibilities while Lisa Baiocchi transitioned into the role.

12.     Lisa Baiocchi worked for Herzing for a period of five to six months in 2013 before voluntarily leaving Herzing to move to Arizona.

13.     On April 24, 2013, Plaintiff was not present during a meeting during which Herzing announced layoffs because she had been involved in an automobile accident.

11

14.     On April 26, 2013, Herzing issued a written warning to Plaintiff,

15.     On April 30, 2013, Plaintiff submitted an Ethics Point complaint to Herzing regarding Jason Morgan.

16.     On May 14, 2013, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Charge to Herzing.

17.     On May 15, 2013, Herzing received the initial Notice of Plaintiff's Charge of Discrimination from the EEOC.

18.     On May 20, 2013, Lisa Baiocchi traveled to the New Orleans Campus and terminated Plaintiff's employment with Herzing, while Stephanie Burns was present.

**8.     Contested Issues of Fact.**

The parties submit the following single listing of contested issues of fact:

1.      Whether Herzing's decision to terminate Plaintiff's employment intentionally discriminated against Plaintiff because of her race by treating Plaintiff less favorably than Herzing had treated similarly situated employees who were not African-Americans under nearly identical circumstances?

2.      Whether Herzing had legitimate, non-discriminatory reasons for terminating Plaintiff based on her job performance or for other reasons?

3.      Whether Herzing's stated reasons for terminating Plaintiff's employment were pretextual and false?

4.      Whether Herzing retaliated against Plaintiff by reason of Plaintiff's submission of her EthicsPoint Complaint?

12

5.      Whether Herzing retaliated against Plaintiff based on Herzing's receipt of the Notice of Charge from the EEOC?

6.      Whether Plaintiff sustained any damages by reason of the termination of her employment, and if so, the nature, extent and duration of any such damages?

7.      Whether Plaintiff failed to take reasonable steps to mitigate her damages by promptly seeking and obtaining other employment?

**9.      <u>Contested Issues of Law</u>.**

The parties submit the following single listing of contested issues of law:

1.      Whether Plaintiff properly pleaded and asserted a claim for gender discrimination pursuant to Title VII or 42 U.S.C. § 1981 in her Complaint.

2.      Whether Plaintiff properly pleaded and asserted a claim for gender harassment pursuant to Title VII or 42 U.S.C. § 1981 in her Complaint.

3.      Whether Plaintiff properly pleaded and asserted a claim for retaliation based upon her gender pursuant to Title VII or 42 U.S.C. § 1981 in her Complaint.

4.      Whether Plaintiff can meet the *prima facie* burden of proof required to state a race discrimination claim pursuant to Title VII and 42 U.S.C. § 1981.

5.      Whether Plaintiff can meet the *prima facie* burden of proof required to state a race harassment claim pursuant to Title VII and 42 U.S.C. § 1981.

6.      Whether Plaintiff can meet the *prima facie* burden of proof required to state a retaliation claim based upon her race pursuant to Title VII and 42 U.S.C. § 1981.

7.      Whether Herzing had legitimate, non-discriminatory reasons to terminate Plaintiff.

8.      Whether Plaintiff engaged in protected activity that was the "but-for" cause of her termination.

9.      Whether Herzing engaged in unlawful discrimination, harassment or retaliation based upon Plaintiff's race.

10.     Whether Plaintiff sustained any damages, losses, or injury as a result of Herzing's conduct.

11.     Whether Plaintiff has a right to recover emotional distress damages as a result of Herzing's conduct.

12.     Whether Plaintiff has failed to mitigate her damages, if any, which bars or reduces any right of recovery herein.

13.     Whether Plaintiff's recovery (if any) may be reduced by any earnings, income and benefits (including unemployment compensation) that Plaintiff received subsequent to the termination of her employment with Herzing.

14.     Whether the Court should award reasonable attorney's fees and expert fees to any prevailing party pursuant to 42 USC 1988(b), and/or under any other applicable federal law, plus all costs or any other relief allowed by any applicable law.

15.     To the extent that Plaintiff seeks any punitive damages and/or any other relief that may be penal in nature, whether any such recovery is barred or limited by the United States Constitution and any amendments thereto, the Constitution and any amendments thereto of the State of Louisiana, and any applicable federal, state or other law or statute, limiting, barring, reducing or concerning the award and/or imposition of punitive damages, attorney's fees, and any other penalty damages or relief requested by the Plaintiff.

14

10.     <u>Exhibits.</u>

A.      **Joint Exhibits that may be admitted without objection**

The parties agree that the following exhibits may be admitted as evidence, subject to the restricted use for the affidavits and declaration described herein:

1.      Herzing's personnel file for Myeshia Ambrose-Frazier (HERZING-000001–000063).

2.      December 4, 2006 and November 29, 2007 acknowledgments signed by Plaintiff regarding Bulletin #527: Policy on Conflicts of Interests, Ethics, Employee Responsibilities (HERZING-000029-000034).

3.      November 29, 2007 Acknowledgment Form signed by Plaintiff for Receipt of Herzing Handbook/Employee Addendum (HERZING-000035).

4.      2008 Herzing Career Services Director Performance Review of Plaintiff (HERZING-000157-000159).

5.      March 31, 2009 edition of Herzing Employee Handbook (HERZING-000522-000569).

6.      2010 Herzing Employee Performance Review-Director of Career Services for Plaintiff dated January 27, 2011 (HERZING-000155-156).

7.      Public Notice of Non-Discrimination dated August 23, 2010 (HERZING-000573).

8.      Ethics Point How to File a Report flyer; revised April 2011 (HERZING-000570-000571).

9.      July 28, 2011 Herzing Mid-year Review for Plaintiff (HERZING 000064);

10.     2011 Herzing Career Development Manager Annual Performance Review
        of Plaintiff dated February 21, 2012 (HERZING-000138-000147).

11.     March 2011 Bulletin #673: Policy on Use of Social Media (HERZING-
        000514– 000516).

12.     March 2011 revised Bulletin #672: E-mail, Internet, and Other Telephonic
        Communications Policy (HERZING-000517 – 000519).

13.     March 1, 2011 revised Bulletin #527: Policy on Conflicts of Interests,
        Ethics, Employee Responsibilities (HERZING-000510-000513).

14.     March 14, 2011 Acknowledgment of Receipt & Understanding of Policies
        signed by Plaintiff (HERZING-000055).

15.     June 2012 Herzing University/College Employee Handbook (HERZING-
        000065–000126).

16.     August 2, 2012 Acknowledgement signed by Plaintiff's for Receipt of
        2012 Employee Handbook (HERZING-000406 – 000509).

17.     2012 Herzing Career Development Manager Annual Performance Review
        of Plaintiff dated January 17, 2013 (HERZING-000148-000154).

18.     April 26, 2013 Written Warning Issued to Plaintiff (HERZING-000009-
        HERZING-000011).

19.     April 26, 2013 Email from Jason Morgan regarding Ethics Point
        discussion with Dean Burns (HERZING-000572).

20.     April 30, 2013 Ethics Points Report #5 (HERZING-000129-000130).

21.     April 30, 2013 email from Renee Herzing to Carol Emmel regarding Myeshia Ambrose Complaint Letter (Jason Morgan) (HERZING 000131).

22.     April 30, 2013 Letter from Plaintiff to President Renee Herzing (HERZING-000132–000134).

23.     April 30, 2013 Notes from Discussion: Renee Herzing, Myeshia Ambrose, Carol Emmel regarding Letter Myeshia sent to Renee Herzing on 4/30/13 (HERZING 000164).

24.     Job Description dated May 2013 (HERZING 000161–000162).

25.     May 5, 2013 email from Myeshia Ambrose-Frazier to Carol Emmel regarding Rebuttal Letter (HERZING 000135).

26.     May 5, 2013 Letter submitted from Plaintiff to Carol Emmel (HERZING-000136-000137).

27.     May 14, 2013 email exchange between Plaintiff and Brian Olson regarding Job Description for Director of Career Development & Student Services (HERZING 000521).

28.     May 10, 2013 Interview Notes by Brian Olson of Herzing regarding Plaintiff's Ethics Point Complaint against Jason Morgan (HERZING-000394 – 000400).

29.     May 10, 2013 non-privileged Excerpts from Lisa Baiocchi's notes regarding Plaintiff's Ethics Point Complaint against Jason Morgan (HERZING-000401-000405).

30.     May 14, 2013 Email from Jason Morgan to Lisa Baiocchi RE: HR Situation (MORGAN 000015-000016).

31.     May 14, 2013 Email exchange between Plaintiff and Brian Olson with attachment (HERZING-000521 and HERZING-000161-HERZING-000162).

32.     May 24, 2013 Ava Gomez Declaration (HERZING-000170), but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court.

33.     May 28, 2013 Shelly Kranz Declaration (HERZING-000168-000169), but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court.

34.     May 29, 2013 Rick Reeves Declaration (HERZING-000165), but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court.

35.     May 29, 2013 LaDonna Eaglin Declaration (HERZING-000166), but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court.

36.     May 29, 2013 Nita Dewey Declaration (HERZING-000167), but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court.

37.     February 17, 2016 Declaration of Carol Emmel Under Penalty of Perjury, but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court..

38.     March 22, 2016 Affidavit of Kelly Sylvain, but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court.

39.     March 22, 2016 Affidavit of Zaitasha Stepter, but solely for impeachment in the event that this witness testifies during trial or for any other purpose allowed by the Court.

**B.     <u>Plaintiff's Exhibits to which Defendant Objects</u>**

Defendant objects to the following exhibits listed by Plaintiff as exhibits:

1.      Plaintiff's Timeline (FRAZIER 0001-0009).

*<u>Herzing's Objections:</u> This "Timeline" created by Plaintiff is not admissible because Plaintiff will be testifying at trial.  This document is also not admissible because Plaintiff confirmed in her deposition that she created this document solely for the purposes of this litigation <u>after</u> she had been terminated.  It is not a document created during the time period or events relevant to Plaintiff's allegations.  This item is not admissible for any purpose allowed by law.*

2.      Documents MORGAN 000001-000008 not produced by Defendants and not included in Defendants' privilege log.

19

*Herzing's Objections:* Herzing objects to Plaintiff's stated intent to introduce documents at trial which have not been produced, for which Plaintiff has never filed a motion to compel, and for which this Court has never issued an order that Herzing produce them.

3.    HERZING-000160.

*Herzing's Objections:* Herzing objects to the use of this document on the basis that it is incomplete information reflecting unofficial placement statistics for the New Orleans Campus which ultimately changed after this document was created. The official, correct placement statistics are set forth in MORGAN-000009 through MORGAN-000014, which both Plaintiff and Defendant have included among their trial exhibits.

4.    HERZING-000163.

*Herzing's Objections:* Herzing objects to the use of this document on the basis that it is incomplete information reflecting unofficial placement statistics for the New Orleans Campus which ultimately changed after this document was created. The official, correct placement statistics are set forth in MORGAN-000009 through MORGAN-000014, which both Plaintiff and Defendant have included among their trial exhibits.

5.    Lisa Baiocchi's non-privileged excerpts of the Notes from May 10, 2013 Interviews as part of Investigation of Plaintiff's Ethics Point Complaint against Jason Morgan (HERZING000401–000405).

*Herzing's Objections:*  *Herzing objects to the use of the "Conclusions" section of Ms. Baiocchi's unredacted notes and will be filing a motion in limine on the admissibility of this section of the document.  Ms. Baiocchi's evaluative comments set forth in the "Conclusions" section of her unredacted notes involve questions of law and some fact, do not constitute lay testimony, and are based upon her expertise and experience as an attorney.  Her "Conclusions" are not fact testimony, but instead assess the risks of litigation.  The jury will not be charged with determining whether Defendant made the correct decision in terminating Plaintiff's employment.  Rather, it will be charged only with determining whether Defendant engaged in unlawful discrimination or retaliation.  See, e.g., Bryant v. Compass Group USA, Inc., 413 F.3d 471, 476 (5th Cir. 2005).*

6.      EEOC file pertaining to Plaintiff's charge of discrimination and Defendant's response,

*Herzing's Objections: Herzing objects to any documents included in the EEOC file. Plaintiff did not furnish a copy of the EEOC file documents until March 29, 2016, after the expiration of the deadline to file exhibit lists or conduct discovery.*

**C.     Defendant's Exhibits to which Plaintiff Objects**

Plainitff objects to the following exhibits listed by Defendant.

1.      April 12, 2013 Ethics Points Report #4 (HERZING-000127 – 000128).

*Plaintiff's Objection: Hearsay.*

3.    2012-2013 and 2013-2014 Final Lock Stats (New Cohort Year) (MORGAN-000009 -0000014).

4.    Brian Olson's Notes from May 10, 2013 Interviews as part of Investigation of Plaintiff's Ethics Point Complaint against Jason Morgan (HERZING-000394 – 000400).

**11.    <u>Deposition Testimony To Be Offered Into Evidence.</u>**

Defendant may offer, reference or use the following depositions during trial: excerpts from the Deposition of Lisa Baiocchi in the event that she does not appear to testify at trial; and, excerpts from any deposition transcript of any witness for impeachment purposes or for any other reason allowed by the Court.

**12.    <u>Demonstrative Evidence.</u>**

Plaintiff and Defendant may use enlargements of exhibits as demonstrative evidence.

**13.    <u>Witness Lists</u>**

**A.    Plaintiff's Witnesses:**

**i.    Plaintiff's Will Call**

1.    Myeshia S. Ambrose Frazier: Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc.

2.    Kelly Sylvain: 392 East 6th Street, Edgard, Louisiana 70049 Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc

3.    Zaitasha Stepter: 7612 Jones Lee Drive, New Orleans, LA 70128 Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc

22

4.   Lisa Baiocchi: Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc

5.   Gene Frazier: 2249 Killington Drive, Harvey, LA 70058.
Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc.

6.   Jason Morgan: 1109 Dickory Avenue, River Ridge, Louisiana 70123.  Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc.

7.   Dean Stephanie Burns: 2001 Oak Creek Road, Apartment D230, New Orleans, Louisiana 70123.  Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc.

8.   Any witness listed by any other party.

**ii.   Plaintiff's May Call**

6.   Brian Olson: W140N8917 Lilly Road Menomonee Falls, WI 53051  Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc.

7.   Renee Herzing: W140N8917 Lilly Road, Menomonee Falls, WI 53051.  Testimony regarding facts and circumstances surrounding Ms. Frazier's employment with Herzing and the discriminatory and retaliatory actions taken against plaintiff, etc.

8.   Any other witness allowed by the Court.

**B.   Defendant's Witnesses**

Defendant certifies that its Witness List was filed in accordance with the

Court's Scheduling Order:

**i.   Defendant's Will Call**

23

1.    Lisa Baiocchi – by deposition (non-privileged excerpts)
      9638 East Peregrine Place
      Scottsdale, AZ  85262
      Ms. Baiocchi is Herzing's former Director of Human Resources
      who will testify via deposition about her participation in the
      investigation into Plaintiff's April 30, 2013 Ethics Point complaint
      against Jason Morgan, and Plaintiff's termination from Herzing.

2.    Jason Morgan
      1109 Dickory Avenue
      River Ridge, LA

      Mr. Morgan is the current Herzing New Orleans Campus President
      who is expected to discuss Plaintiff's job performance, disciplinary
      history and behavior while employed with Herzing.

3.    R. Brian Olson
      W140N8917 Lilly Road
      Menomonee Falls, WI 53051

      Mr. Olson is Herzing's Vice President of Operations who is
      expected to testify about Herzing's university-wide reduction-in-
      force and how that reduction affected Herzing's New Orleans
      Campus, the investigation into Plaintiff's April 30, 2013 Ethics
      Point complaint against Jason Morgan, and Plaintiff's termination
      from Herzing.

**ii.    Defendant's May Call**

1.    Stephanie Burns
      2001 Oak Creek Road, Apt. D230
      New Orleans, LA  70130

      Ms. Burns is the Director of Strategic Partnerships and Marketing
      at Herzing's New Orleans Campus who, if called, is expected to
      testify about her working relationship with Campus President
      Jason Morgan and Plaintiff's tenure with Herzing.

2.    Nita Dewey
      1030 Dolhonde Street
      Gretna, LA  70053

      Ms. Dewey is the Registrar at Herzing's New Orleans Campus
      who, if called, is expected to testify about Plaintiff's job

24

performance and behavior while employed by Herzing and Jason Morgan's tenure as New Orleans Campus President.

3.   LaDonna Eaglin
     121 W. Esplanade Avenue, Apt. L206
     Kenner, LA  70065

     Ms. Eaglin is a former Surgical Technology Instructor with Herzing who, if called, is expected to testify regarding her work with Plaintiff at Herzing's New Orleans Campus, Plaintiff's allegations of discrimination and retaliation against Jason Morgan, and/or facts related to the circumstances described in Plaintiff's Complaints.

4.   Carol Emmel – by sworn declaration
     N74W27476 Howards Pass
     Sussex, WI 53089

     Ms. Emmel is Herzing's former Director of Human Resources who will testify via sworn declaration about Plaintiff's job performance, disciplinary history and behavior while employed with Herzing.

5.   Ava Gomez
     2708 Jeanne Street
     Marrero, LA  70072

     Ms. Gomez is the Director of Educational Funding of Herzing's New Orleans Campus who, if called, is expected to testify about Plaintiff's job performance and behavior while employed by Herzing and Jason Morgan's tenure as New Orleans Campus President.

6.   Renee Herzing
     W140N8917 Lilly Road
     Menomonee Falls, WI 53051

     Ms. Herzing is the President of Herzing University who, if called, is expected to testify regarding Herzing's investigation and response to Plaintiff's April 30, 2013 Ethics Point Report against Jason Morgan, and/or facts related to the circumstances described in Plaintiff's Complaints.

7.   Shelley Kranz
     23496 Stepp Road

Ponchatoula, LA  70454

Ms. Kranz is the Assistant to the Campus President at Herzing's New Orleans Campus who, if called, is expected to testify about Plaintiff's job performance and behavior while employed by Herzing and Jason Morgan's tenure as New Orleans Campus President.

8. Richard "Rick" Reeves
 2333 Michigan Avenue
 Metairie, LA  70003

 Mr. Reeves is the Director of Information Technology at Herzing's New Orleans Campus who, if called, is expected to testify regarding his work with Plaintiff at Herzing's New Orleans Campus, Plaintiff's allegations of discrimination and retaliation against Jason Morgan, and/or facts related to the circumstances described in Plaintiff's Complaints.

9. Any other witness allowed by the Court.

**14. <u>Jury Trial</u>.**

The jury trial is applicable to all aspects of this case.

Counsel will prepare **a joint statement of the case** which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire.  The joint statement should not be more than two or three paragraphs. The statement will be filed with the Court no later than **5:00 p.m. five working days** prior to trial.

Proposed jury instructions are to be filed no later than **5:00 p.m. five working days** prior to trial.  The parties must file **joint jury instructions**. The parties shall meet and confer sufficiently in advance of the required submission date in order to prepare the joint jury instructions. The instructions must include citations to relevant legal authority. The instructions should be set forth in the order in which the parties wish to have the instructions read.

In the event that agreement cannot be reached on all jury instructions, counsel shall provide alternate versions with respect to any instruction in dispute. Each party should note its reasons for putting forth an alternative instruction and the law in support thereof. Counsel must submit electronic versions (in Word or Word Perfect format) to the Court no later than **5:00 p.m. five working days before trial** at the following email address: efile-Morgan@laed.uscourts.gov, and must deliver 2 courtesy copies to Chambers.

A **joint proposed jury verdict form** is to be filed no later than **5:00 p.m. five working days** prior to trial. The parties shall meet and confer in advance of the required submission date in order to prepare the joint proposed jury verdict form. In the event that agreement cannot be reached, the parties shall file (1) separate proposed jury verdict forms; and (2) a joint memorandum explaining the disagreements between the parties as to the proposed jury verdict form.

Any **proposed special voir dire questions** are to be filed by each counsel no later than **5:00 p.m. five working days** prior to trial.

### 15.    Single or Separate Trials.

The issue of liability will not be tried separately from that of quantum.

### 16.    Other Matters That Might Expedite a Disposition of the Case.

The parties are submitting this Amended Pretrial Order because the Pretrial Order that counsel for Plaintiff efiled on March 30, 2016 [Doc. 82] does not represent the agreed upon Pretrial Order.

Defendant also submits that the interests of justice and judicial economy would be best served by the Court addressing and ruling on its Motion for Summary Judgment and Other Relief before proceeding to the trial of this matter.

**17.     Trial Date.**

Trial is scheduled to commence on April 25, 2016 at 9:00 a.m. and is expected to last for three (3) days.

**18.     Certification Regarding Pretrial Order.**

This Amended Pretrial Order has been formulated after counsel for respective parties have conferred by email, telephone and in person.  Reasonable opportunity has been afforded to counsel for each party corrections, or additions, prior to signing.   Hereafter, this Amended Pretrial Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**19.     Settlement.**

Possibility of settlement of this case was considered.

**New Orleans, Louisiana, this _____ day of April, 2016.**



_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**


/s/ *Jean-Paul Robert*_____
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
2315 S. Burnside Ave.
Gonzales, LA 70737
Tel:  (225) 647-9200
Fax: (225) 647-9300
28

*Attorneys for Myeshia Ambrose-Frazier, Plaintiff*

/s/ George D. Fagan

GEORGE D. FAGAN, T.A. - #14260
MARGARET F. SWETMAN - # 29195
LEAKE & ANDERSSON, L.L.P.
1100 Poydras Street, Suite 1700
New Orleans, Louisiana  70163
Email: gfagan@leakeandersson.com
Email: mswetman@leakeandersson.com
Phone: (504) 585-7500
Fax:    (504) 585-7775
*Attorneys for Herzing University, Ltd.*

41307 / 1833

29